IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00110-EWN-MEH

WILLIAM N. MCKENNA, IV, a Colorado resident,

    Plaintiff,

v.

CDC SOFTWARE, INC., a Delaware corporation,

    Defendant.

___

**ORDER ON DEFENDANT'S MOTION TO STAY**
___

    Before the Court is Defendant's Motion to Stay Discovery and Pretrial Discovery Deadlines Until the Court Decides the Pending Motion to Change Venue [docket #22]. The matter is briefed and has been referred to this Court [docket #23]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion to Stay.

**I.    Facts**

    Plaintiff originally brought this action in Denver District Court as a wrongful discharge in violation of public policy. Plaintiff alleges that he was terminated from employment with Defendant following his refusal to participate in alleged illegal activities. On January 16, 2008, Defendant removed the case to this Court based on diversity jurisdiction.

    Thereafter, Defendant filed a Motion to Change Venue arguing that there are insufficient minimum contacts in Colorado, and that Plaintiff has consented to the personal jurisdiction of the state and federal courts in Georgia through a Proprietary Information Agreement, which is at issue

in Defendant's counterclaims. Through the within Motion, Defendant contends that a change in venue would render the local scheduling process moot. For these reasons, Defendant seeks a stay of all proceedings until its Motion to Change Venue has been ruled upon. In response, Plaintiff argues that Defendant's Motion to Change Venue is unlikely to be granted because of the Plaintiff's statutory claim for wages, which the Plaintiff is seeking to add to the current Complaint. Moreover, Plaintiff asserts that a stay is not warranted, since discovery will proceed in this matter under the Federal Rules of Civil Procedure, no matter whether the case proceeds in Colorado or Georgia. Plaintiff also contends that a proposed Scheduling Order has been already negotiated by the parties and a Scheduling Conference set for the near future; therefore, granting a motion to stay would cause unnecessary delay and greater costs.

**II.    Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendant seeks protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Youn Am. Ins. Co.*, No. 06-2419, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

In determining whether a stay is appropriate, the courts generally consider the following five factors:

> (1) the interest of the plaintiff in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendant; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending . . . litigation.

*Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). In applying these factors, the Court considers the appropriateness of a stay here a close question.

First, Plaintiff seeks to proceed with scheduling discovery on the basis that discovery will certainly proceed, whether in this Court or in Georgia. Plaintiff claims prejudice by the costs and delay of a stay at this point in the litigation when the parties have already negotiated a discovery schedule. Conversely, Defendant argues that temporarily staying discovery and pretrial discovery deadlines will result in no actual prejudice. Here, the Court cannot ignore Plaintiff's right to proceed expeditiously with litigation, unless such efforts would be futile.

Second, Defendant asserts that denying the stay would require the parties to prepare a proposed scheduling order, identify potential witnesses and experts, conduct a settlement conference and participate in the April 22, 2008 Scheduling Conference. Since much of this work likely has been completed in anticipation of the upcoming Scheduling Conference, the Court fails to recognize any burden placed on Defendant in continuing with discovery here.

Neither party directly addressed the third factor, judicial economy. On this factor, since it is common for courts to follow the agreed-upon discovery schedules of cases transferred into their districts, this Court finds that a stay in this case is not an efficient use of judicial resources.

On the fourth and fifth factors, the parties have also not provided any arguments either in

favor of or against a stay. Balancing all factors presented, the Court finds that a stay of discovery is not appropriate. Nevertheless, the Motion to Change Venue is nearly briefed, and the parties are encouraged to consider limiting extensive discovery until the motion is resolved. A formal stay, however, is not appropriate.

**III. Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Stay Discovery and Pretrial Discovery Deadlines Until the Court Decides the Pending Motion to Change Venue [filed March 26, 2008; docket #22] is **denied**.

Dated at Denver, Colorado, this 17th day of April, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge