IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 1:08-cv-00110-EWN-MEH

WILLIAM N. MCKENNA, IV, a Colorado resident,

    Plaintiff,

v.

CDC SOFTWARE, INC., a Delaware corporation,

    Defendant.

## CONSENT PROTECTIVE ORDER

    It appearing that discovery in this action may require disclosure by the parties or by third parties of private, confidential, and sensitive information, it is hereby ORDERED, in accordance with Rule 26 of the Federal Rules of Civil Procedure, that the following provisions shall govern the conduct of discovery in this action:

    1.    "Confidential Information" as used herein, means any information that is designated by a producing or providing party as "Confidential Information - Subject to Protective Order" whether it be a document, information contained in a document, information revealed at a deposition, information revealed in an interrogatory answer, or otherwise.

    2.    Confidential Information produced shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order or pursuant to a legally enforceable subpoena.

3. Confidential Information and information derived therefrom may only be disclosed or made available to the following persons who shall be designated as "Qualified Persons":

  (a) Plaintiff or Defendant and their respective attorneys, including in-house attorneys employed by the parties, who are representing a party to these actions and employees of such attorneys to whom it is necessary that materials be disclosed for purposes of this litigation;

  (b) Actual or potential deponents or witnesses, but only to the extent there is a legitimate need for such disclosure;

  (c) Independent investigators, experts and/or consultants, retained by the parties in preparation of this case, to whom it is necessary that the information be shown for the purposes of this litigation;

  (d) The Court, its employees and agents, court reporters and their agents in depositions, hearings, or trial in this action to whom it is necessary that information be disclosed for purposes of this litigation;

  (e) Mediators or similar outside parties and their staffs, enlisted by all parties to assist in the resolution of this matter;

  (f) The Securities and Exchange Commission; and

  (g) Any other person designated by this Court, after notice and hearing, or designated by written agreement of the parties.

4. If a party is asked to produce "Highly Confidential Information" in the course of this litigation, the parties will agree in good faith to additional protections for such Highly Confidential Information prior to its production.

5. In the event that a party believes there is a legitimate need to disclose Confidential Information to persons other than "Qualified Persons," the parties shall confer and attempt to resolve the issue in good faith. In the event the parties cannot reach an agreement, any party may bring before the Court the question of whether disclosure should be permitted.

6. Qualified Persons shall not disclose, discuss, or disseminate, directly or indirectly, Confidential Information to persons other than Qualified Persons nor shall Qualified Persons make public disclosure of any Confidential Information.

7. The producing party shall designate documents produced in this action as "Confidential Information" by marking each page of each document so designated as "Confidential Information - Subject to Protective Order". With regard to electronic documents, the producing party may label the front of the digital disk media as "Confidential Information - Subject to Protective Order". In lieu of marking the original of a document, if the original is not produced, the producing party may mark the copies that are produced or exchanged.

8. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the notice is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information will be treated as Confidential

Information until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential Information in accordance with this Protective Order.  The party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.  See Gillard v. Boulder Valley Sch. Dist. RE-2, 196 F.R.D. 382 (D. Colo. 2000).

  9. Deposition transcripts shall be considered Confidential Information for thirty (30) days after delivery of transcripts to the parties.  Each party shall have until thirty (30) days after receipt of the deposition transcript by the attorneys in which to designate portions of the transcript as "Confidential Information - Subject to Protective Order".

  10. Any information designated as Confidential Information attached to motions, briefs, memoranda, papers or other legal documents or referenced therein shall be filed under seal unless otherwise ordered by the Court.

  11. Nothing shall prevent disclosures beyond the terms of this Protective Order if the party designating the material as Confidential Information consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

  12. The inadvertent or unintentional production of any Confidential Information shall not be deemed as a waiver, in whole or in part, of the producing party's claim of confidentiality, either as to specific information disclosed or as to any other related information.  Upon receipt of written notice from the producing party, the receiving party shall immediately give notice thereof to each person to whom the

previously undesignated document, information, or thing was in the interim disclosed. The receiving party shall retrieve all copies of the document, information, or thing distributed to persons other than Qualified Persons, and thereafter such document, information, or thing and all such persons shall be subject to the provisions of this Protective Order.

13. Likewise, the parties have agreed, pursuant to Rule 26 of the Federal Rules of Civil Procedure, that the inadvertent or unintentional production of electronically stored information that is protected by the attorney-client privilege or work-product doctrine shall not be deemed as a waiver, in whole or in part, of the producing party's claim of privilege, either as to specific information disclosed or as to any other related information. Upon receipt of written notice from the producing party, the receiving party shall immediately give notice thereof to each person to whom the previously undesignated document, information, or thing was in the interim disclosed. The receiving party shall retrieve all copies of the document, information, or thing distributed, and thereafter such document, information, or thing and all such persons shall be subject to the provisions of this Protective Order

14. Within sixty (60) days of the conclusion of this litigation, including any appeals, all Confidential Information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the producing attorneys, or at the producing party's option, destroyed by counsel for the receiving party. If destroyed, counsel for the receiving party shall provide the producing party with an affidavit of destruction. Notwithstanding the foregoing, Paul J. Maxon, counsel for Plaintiff William N.

McKenna, IV, shall be allowed to keep a complete copy of his attorney file, including any Confidential Information, in his sole possession.

15. This Order shall not be construed to prevent any person, including a Qualified Person, from making use of designated Confidential Information that (a) appears in any published material available to the general public, without the fault of the receiving party, or (b) was or is hereafter obtained from a source or sources not under an obligation of secrecy to the other party or parties, without fault of the receiving party.

16. This Order is entered without prejudice to the right of any party to seek modification of this Order.

IT IS SO ORDERED

Dated this 27th day of June, 2008, in Denver, Colorado.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

**CONSENTED TO:**

s/Paul J. Maxon
Paul J. Maxon
The Law Office of Paul Maxon, PC
1406 Pearl Street, Suite 200
Boulder, Colorado 80302
Telephone: (303) 473-9999
FAX: (303) 473-9993
paulmaxon@maxonlaw.com
Colo. Bar)
Colorado Bar No. 37251

ATTORNEY FOR WILLIAM N. MCKENNA, IV

s/Jona J. Miller
Michael W. Johnston*
Georgia Bar No. 396720
Jona J. Miller*
Georgia Bar No. 507178
Sarah E. Statz*
Georgia Bar No. 568068
(*Member of the U.S.D.C., D.

KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
FAX: (404) 572-5138
E-mail: mjohnston@kslaw.com
E-mail: jjmiller@kslaw.com
E-mail: sstatz@kslaw.com

Glenn H. Schlabs
SHERMAN & HOWARD L.L.C.
90 S. Cascade Ave., #1500
Colorado Springs, Colorado

80903

Telephone: (719) 448-4018
FAX: (719) 635-4576
E-mail:

gschlabs@shermanhoward.com

ATTORNEYS FOR DEFENDANT CDC SOFTWARE, INC.