IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00110-EWN-MEH

WILLIAM N. MCKENNA, IV, a Colorado resident,

    Plaintiff,

v.

CDC SOFTWARE, INC., a Delaware corporation,

    Defendant.

---

### ORDER ON MOTION TO QUASH

---

Before the Court is Defendant's Motion to Quash Subpoena of James Avery Craftsman, or, alternatively, Motion for Protective Order [docket #68]. The matter is briefed and has been referred to this Court for disposition [docket #69]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion.

**I.    Background**

In the current operative pleading, Plaintiff alleges a claim for wrongful discharge in violation of public policy. Doc. #1-2 at 6. According to the Complaint, Plaintiff was a sales account executive for one of Defendant's subsidiaries, which engaged in enterprise software sales and support. *Id.* at 3. Plaintiff claims that Defendant terminated his employment because he "refused to participate in acts that he reasonably believed were illegal," including but not limited to alleged misrepresentations and overcharging to customers. *Id.* at 4-5. Plaintiff later filed a motion to amend the Complaint, in which he seeks to add a claim under the Colorado Wage Claim Act for alleged unpaid earned commissions he should have been paid upon or after his termination of employment. Doc. #29-2 at 8. On May 5, 2008, this Court recommended that the motion to amend be granted;

the motion and recommendation remain pending before the District Court.

Meanwhile, on July 31, 2008, Plaintiff issued a subpoena from the U.S. District Court for the District of Colorado for a deposition to be taken of a representative of James Avery Craftsman in San Antonio, Texas, a non-party to this case. Defendant timely filed the within motion seeking to quash the subpoena on the grounds that the information sought is confidential commercial information that has no bearing on this lawsuit.

## II.     Discussion

The question initially is whether Defendant has standing to file a motion to quash the subpoena. The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege or upon a showing that there is a privacy interest applicable. *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997)*; see also Broadcort Capital Corp. v. Flagler Securities, Inc.,* 149 F.R.D. 626 (D. Colo. 1993). Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena. Here, considering the agreements entered into and confidential information exchanged between Defendant and James Avery, the Defendant has made the requisite showing to demonstrate it has standing to move to quash Plaintiff's subpoena.

The basic requirements for issuing a subpoena state that a subpoena must issue "from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 444 F.3d 462, 468 (6th Cir. 2006). Plaintiff has issued a subpoena from the District of Colorado for a deposition to take place in San Antonio, Texas. This fundamental flaw requires that the subpoena at issue in this case be quashed, because this Court has no authority to enforce such a subpoena. *Falicia v. Advanced Tenant Servs.*, 235 F.R.D. 5, 11 (D.D.C. 2006). Nothing in this Order precludes the Plaintiff from

2

seeking the same deposition testimony if done in compliance with Fed. R. Civ. P. 45.

**III.  Conclusion**

Accordingly, for the reasons stated above, the Court ORDERS that Defendant's Motion to Quash Subpoena of James Avery Craftsman, or, alternatively, Motion for Protective Order [filed August 14, 2008; docket #68] is **granted**.

Dated at Denver, Colorado this 4th day of September, 2008.

BY THE COURT:


s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge